616

ENVISIONET COMPUTER
SERVICES, INC.,
Appellant

v.

ECS FUNDING LLC, Village Ventures,
Inc., Keystone Venture V, L.P., and
TSG Equity Fund, L.P., Appellees

No. CIV. 02–196–P–C.

United States District Court,
D. Maine.

Feb. 5, 2003.

Michael Joseph Gartland, Esq., Marcus, Clegg & Mistretta, P.A., Portland, ME, for appellant.

Benjamin E. Marcus, Esq., Drummond, Woodsum & Macmahon, Gayle H. Allen, Esq., Verrill & Dana, Fred W. Bopp, III, Esq., Perkins, Thompson, Hinckley & Keddy, Portland, ME, for appellees.

## MEMORANDUM OF DECISION AND ORDER DENYING APPELLANT'S MOTION FOR RECONSIDERATION

GENE CARTER, Senior District Judge.

Appellant/Debtor EnvisioNet Computer Services, Inc. has moved pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 7(a) for this Court to reconsider its Decision and Order of November 21, 2002, denying Appellant's request for extension of time to file the designation of the record on appeal and order dismissing the appeal. *See* Docket Item No. 7. Appellant argues that, in dismissing the appeal, the Court made two erroneous findings and that the Court ultimately applied the incorrect legal standard. Claiming that Appellant has not made the necessary showing to permit reconsideration under Rule 59, Appellees ECS Funding LLC, Village Ventures, Inc., Keystone Venture V, L.P., and TSG Equity Fund, L.P. object to the Court granting such reconsideration. *See* Docket Item No. 9.

The facts relevant to this case are given in the Court's Memorandum of Decision and Order dated November 21, 2002, and will not be restated here. Appellant apparently misunderstands the Court's Decision and Order finding that Appellant did

not act in good faith when delaying, for an entire week, the filing of its Designation after Appellant first learned that it had missed the deadline for that filing. Appellant requests that the Court "clarify footnote 2 by making clear that the Court did not find, or purport to find, that the Debtor lacked good faith when it filed the Record Designation." Motion by Appellant for Reconsideration of Order Dismissing the Appeal (Docket Item No. 7) at 8 n. 2. To the extent that it was not already clear to Appellant, the statement in footnote 2 of the November 21, 2002, Decision and Order, finding a lack of good faith in Appellant's assertion that Appellees' response was untimely filed, did not bear in any way on the Court's principal finding that Appellant failed to establish excusable neglect for its delay in filing the Record Designation.

Next, Appellant disagrees with the Court's conclusion regarding the prejudice to the court system and Appellees. Appellant has not presented any new evidence demonstrating that the Court's conclusion regarding the prejudice to the court system and Appellees is in error. Finally, the Court did not apply an erroneous legal standard when dismissing Appellant's appeal as a result of Appellant's failure to timely file its Designation. As stated in the Decision and Order, the dismissal of the appeal is in the Court's discretion. The Court exercised its discretion and dismissed the appeal based on its finding, and the evidence that supported the finding, of the absence of excusable neglect.

The Court **ORDERS** that Appellant's Motion for Reconsideration be, and it is hereby, **DENIED**.